UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAULA JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>VINCENT J. LOPINOT, *individually and in his official capacity as Associate Judge of the St. Clair County Arbitration Center*,<br><br>    Defendant. | Case No. 09-cv-1009-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Vincent Lopinot's (hereinafter "Lopinot") Motion to Dismiss (Doc. 9) and Memorandum (Doc. 10) in support thereof. Plaintiff Paula Johnson (hereinafter "Johnson") filed a *pro se* Response (Docs. 9, 10) thereto.

For the following reasons, the Court **GRANTS** the instant motion.

### BACKGROUND

**I.    Consideration of Materials beyond the Complaint**

As a preliminary matter, the Court notes that the briefing refers to materials beyond the operative pleading.  Ordinarily, when such material is presented in connection with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (hereinafter "Rule 12(b)(6)"), the Court may not consider the material unless it converts the dismissal motion into a motion for summary judgment and gives the parties fair warning that it is doing so and an opportunity to respond.  One exception to this general rule, however, is that the Court may take judicial notice of matters of public record.  *4901 Corp. v. Town of Cicero*, 220 F.3d 522,

527 n.4 (7th Cir. 2000); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Here, all of the extraneous documentation to which the parties refer are matters of public record. Accordingly, the Court can and will refer to the pertinent exhibits attached to the Complaint (Doc. 1) and Lopinot's memorandum. Likewise, the Court will consider this motion as it was captioned, under Rule 12(b)(6).

**II.    Facts**

For purposes of a motion to dismiss, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007). The Court, accepting all of Johnson's factual allegations as true and drawing all reasonable inferences in her favor, finds as follows:

On January 27, 2009, Johnson filed a four-count complaint against attorney Jeffery William Green (hereinafter "Green") that alleged legal malpractice, negligence, breach of contract, and professional misconduct.[1] Johnson requested several hundred thousand dollars in damages for each count in her complaint. Lopinot, an associate judge at the Arbitration Center of St. Clair County, Illinois, presided over Johnson's civil case against Green. Previously, Lopinot presided over an unrelated case of Johnson's until her motion for recusal was granted.

---

[1] On November 2 of that same year, the State of Illinois disbarred Green on numerous grounds, including, *inter alia*, conversion, failing to safeguard client funds, failing to act with reasonable diligence, and engaging in conduct that involved fraud.

Despite the seemingly high stakes of Johnson's lawsuit, Green failed to appear throughout the proceedings, failed to timely file pleadings, and defaulted on several other matters. On October 1, 2009, Lopinot granted Johnson's motion for summary judgment. He also entered judgment in her favor and against Green for the several hundred thousand dollars referenced in the complaint.[2]

Green continued to fail to appear in post-judgment proceedings. Nevertheless, Lopinot refused to sanction him and refused to accept any further testimony or documentation from Johnson, including citations to discover assets. At some point, Johnson did appear before Lopinot, and she was able to present him with proof of losses from two cases in which Green had committed malpractice. On November 20, 2009, Lopinot entered an order *sua sponte* and without hearing that reduced the judgment to $7,900.00. Unsatisfied with this amount, Johnson filed an appeal with the Fifth District Appellate Court of Illinois. To the best of the Court's knowledge, said appeal remains ongoing.

With her appeal pending, Johnson brought the instant suit due to her belief that Lopinot's independent reduction of the judgment demonstrated constitutional impropriety.

### III. Relevant Procedural Posture

On December 3, 2009, Johnson filed her Complaint (Doc. 1), which remains the

---

[2]The complaint is unclear whether Lopinot merely granted summary judgment in Johnson's favor or granted *and* entered judgment in her favor. If Lopinot indeed entered judgment in favor of Johnson for several hundred thousand dollars, said judgment has not been submitted by the parties.
Regardless, in light of the general deference to the complaint and the explicit language therein, *see, e.g.*, Doc. 1, p. 4 - ¶ 13 ("the Judgement *Award* was reduced to $7,900.00 by Defendant") (emphasis added), the Court will assume that Lopinot entered judgment in favor of Johnson.

operative pleading in this litigation. The complaint alleges one count of violation of 42 U.S.C. § 1983 against Lopinot in his individual and official capacity.

Pursuant to Rule 12(b)(6), Lopinot now moves to dismiss on grounds of the *Rooker-Feldman* doctrine, abstention, judicial immunity, and the Eleventh Amendment to the United States Constitution.

## ANALYSIS

Following a general overview of the law governing *pro se* pleadings, the Court will substantively analyze the relevant legal doctrines, particularly the *Rooker-Feldman* doctrine and the *Wilton/Brillhart* abstention doctrine.

### I. *Pro Se* Construction Standards

Courts must liberally construe *pro se* pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). With that said, courts are not obliged to craft arguments or perform necessary legal research for *pro se* litigants to cure substantive deficiencies. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Pelfresne v. Vill. of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990).

Here, the Court assures Johnson that it has been mindful of the *pro se* pleading standards throughout analysis of the instant motion.

### II. *Rooker-Feldman* Doctrine

Lopinot first argues that Johnson's complaint should be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine, established in the cases *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), prevents a party from attempting to relitigate in federal district court a judgment entered in state court. *Feldman*, 460 U.S. at 486; *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). This is because a litigant who objects to a state-court judgment may appeal that judgment through the state appeals process and may ultimately petition the Supreme Court of the United States for a writ of *certiorari*. *Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003). She may not, however, attempt to collaterally attack a state-court judgment by filing suit in a federal district court. *GASH Assocs. v. Vill. of Rosemont*, 995 F.2d 726, 727 (7th Cir. 1993). Only the Supreme Court of the United States has jurisdiction to review a state-court judgment, no matter how erroneous or unconstitutional that judgment is. *Schmitt*, 324 F.3d at 486; *Remer,* 205 F.3d at 996.

That being said, the *Rooker-Feldman* doctrine is extremely limited in its applicability and "applies only to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 590 (7th Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Even more, a state-court judgment must be final before the *Rooker-Feldman* doctrine can be successfully invoked. *Lance v. Dennis*, 546 U.S. 459, 463 (2006) ("[L]ower federal courts are precluded from exercising appellate jurisdiction over *final* state-court judgments [under *Rooker-Feldman*].") (emphasis added); *McDowell v. Alvarez*, No. 09

C 8033, 2010 WL 2698286, at *3 (N.D. Ill. July 6, 2010) ("Both the *Rooker-Feldman* doctrine and *res judicata* require that there be a *final* judgment in the state-court proceedings.") (emphasis added). Although there is no binding precedent that addresses finality in the *Rooker-Feldman* context, it is generally thought to be "when the highest court capable of review has considered the state decision, or where no party to the case seeks further action." *Kathrein v. McGrath*, 166 F. App'x 858, 862 (7th Cir. 2006); *Federación de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24-25 (1st Cir. 2005).

Here, even though Johnson does not address Lopinot's invocation of *Rooker-Feldman*, any reliance on the doctrine is inherently misplaced. There is no dispute that the case against Green remains on appeal. As such, final judgment has yet to enter in that case, at least in the *Rooker-Feldman* sense. The Court sees no reason to disregard the understanding of "finality" as espoused by *Kathrein* or *Federación de Maestros* or a multitude of other post-*Exxon Mobil* cases. *See, e.g., Guttman v. Khalsa*, 446 F.3d 1027, 1032 n.2 (10th Cir. 2006); *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 89 (2d Cir. 2005); *Dornheim v. Sholes*, 430 F.3d 919, 924 (8th Cir. 2005). Lopinot argues that the Supreme Court of the United States is the only federal court with jurisdiction of this matter. But, with her appeal pending, Johnson cannot petition for a writ of *certiorari* yet.

Put simply, the fact that Johnson filed her complaint in this case before the state-court case became final precludes Lopinot's attempt to invoke *Rooker-Feldman*.

### III. Abstention

Lopinot next argues that the Court should abstain from this case due to the ongoing state-court proceedings. Although Lopinot concedes that this case does not neatly fit into a traditional abstention doctrine, he asks the Court to abstain from adjudication due to the pendency of the state-court action.

Indeed, the Court does not find this case to fit the mold of the distinct abstention doctrines promulgated by *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941), *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), *Younger v. Harris*, 401 U.S. 37 (1971), or *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). Rather, in terms of abstention, this case calls to mind the *Wilton/Brillhart* doctrine,[3] named after *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) and *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942). *See Petco Petroleum Corp. v. Natural Gas Pipeline Co. of Am.*, No. 03-CV-4086-JPG, 2005 WL 2001311, at *4 (S.D. Ill. Aug. 17, 2005).

*Wilton/Brillhart* makes clear that "the classic example of when abstention is proper occurs where . . . solely declaratory relief is sought and parallel state proceedings are ongoing." *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010). Here, with respect to the relief sought, the Court has thoroughly reviewed Johnson's

---

[3]Although *Wilton/Brillhart* abstention is typically raised in federal cases that involve diversity jurisdiction and/or the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, the Court does not find either to be a prerequisite to the doctrine's invocation.

complaint and is convinced that she only seeks a declaratory judgment in her favor.[4] *See* Doc. 1, p. 2 - ¶ 6, p. 4-5 - ¶ 15; p. 7 - prayer for relief. More precisely, Johnson requests a declaratory judgment that will vacate the amended judgment entered in state court and reinstate the original judgment that awarded her several hundred thousand dollars. Regarding the second half of *Wilton/Brillhart*, "[t]wo actions are parallel when substantially the same parties are contemporaneously litigating substantially the same issues in two fora." *Id*.

Under *Wilton/Brillhart*, federal courts should consider the following factors:

> [W]hether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time.

*Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995). If abstention is warranted, district courts may dismiss or stay clams, although a stay is typically the "preferable course." *Scouten v. MNL-FTS, LLC*, 708 F. Supp. 2d 729, 732 (N.D. Ill. 2010); *McGrath v. Godshalk*,

---

[4]While Johnson prays for rectification, Doc. 1, p. 7 - prayer for relief, a declaratory judgment provides a more suitable and common means to the relief sought. Johnson also seeks real and punitive damages, *Id*. at p. 7-8 - prayer for relief, but she only seeks such damages as they relate to the original judgment entered in state court. As such, a declaratory judgment presents the means to such damages as well. Johnson also makes scattershot allegations about the unconstitutionality of unspecified statutes and constitutional impropriety in which Lopinot engaged, *Id*. at p. 4-5 - ¶ 15; p. 6 - ¶ 20, but the Court does not find such contentions to be sufficiently linked to any request for relief.

Even if Johnson sought more than a declaratory judgment, well-settled judicial immunity principles effectively confine her prayer for relief. *See* 42 U.S.C. § 1983 (2006); *Johnson v. McCuskey*, 72 F. App'x 475, 477 (7th Cir. 2003) ("[Section] 1983 limits the type of relief available to plaintiffs who sue judges to declaratory relief."); *Sudduth v. Donnelly*, No. 08 C 4227, 2009 WL 918090, at *5 (N.D. Ill. Apr. 1, 2009).

No. 2:07 CV 34, 2007 WL 2746865, at *8 (N.D. Ind. Sept. 18, 2007).

In the case at bar, the spirit of *Wilton/Brillhart* necessitates abstention by the Court. *Wilton/Brillhart* should be invoked because Johnson exclusively seeks a declaratory judgment from this Court and parallel proceedings are ongoing. While this case and the state-court action involve two differently named defendants, the Court finds them to be largely identical due to a shared central issue, i.e. whether Lopinot unconstitutionally reduced Johnson's judgment, and prayer for relief.

Although a stay generally represents the extent of *Wilton/Brillhart* abstention, dismissal is warranted here. Disposition of the state-court action will assuredly do away with all claims before this Court. If Johnson's direct appeal of her claim against Green proves successful, there will be no need for this case to continue. Meanwhile, if the Fifth District Appellate Court and, potentially, the Illinois Supreme Court affirm Lopinot's ruling and/or dismiss Johnson's appeal, this action would essentially represent an impermissible collateral attack thereon. In other words, after the Illinois appellate courts hand down their opinions, any ruling by this Court would not only be duplicitous but smack of piecemeal litigation. The Court trusts the appellate courts of Illinois to rule appropriately if entry of the amended judgment was truly incorrect as a matter of law. Johnson has not argued to the contrary, and the Court will not attempt to do so for her. Finally, the Court notes that, even outside of *Wilton/Brillhart*, its actions are not without precedent. *See Nowicki v. Ullsvik*, 69 F.3d 1320, 1323-24 (7th Cir. 1995) (district court properly abstained from issuing an injunction pursuant to 42 U.S.C. § 1983 against a state-court judge during litigation).

In sum, per *Wilton/Brillhart*, the Court shall abstain from presiding over this case any longer, and Johnson's claim shall be dismissed without prejudice. *See, e.g., Crenshaw v. Supreme Court of Ind.*, 170 F.3d 725, 726-27 (7th Cir. 1999); *Nelson v. Murphy*, 44 F.3d 497, 500 (7th Cir. 1995). Further, because of the inherently preclusive effect of abstention, the Court need not address Lopinot's arguments regarding judicial immunity and/or the Eleventh Amendment to the United States Constitution.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Lopinot's Motion to Dismiss (Doc. 9), whereby the Court **DISMISSES** this case **without prejudice**. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: November 4, 2010**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**